NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BYRON R. TUYAY (Cal. Bar No. 308049)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6230
    Facsimile: (951) 276-6202
    E-mail:   byron.tuyay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>PEDRO ROJAS-SANCHEZ,<br>  aka "Pedro Chavez-Rojas,"<br><br>       Defendant. | No. ED CR 20-00124-JGB-2<br><br><u>PLEA AGREEMENT FOR DEFENDANT<br>PEDRO ROJAS-SANCHEZ</u> |

    1.   This constitutes the plea agreement between PEDRO ROJAS-SANCHEZ, also known as "Pedro Chavez-Rojas" ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts One and Six

of the indictment in <u>United States v. Gil-Carranza, et al.</u>, ED CR 20-00124-JGB, which charges defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count One) and Alien Found in the United States Following Deportation in violation of 8 U.S.C. § 1326(a) (Count Six).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

2

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

f.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 33 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

f.    Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving most appellate rights.

<u>NATURE OF THE OFFENSES</u>

4.    Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1), the following must be true:

4

a.    Beginning on an unknown date and ending on or about April 1, 2020, there was an agreement between two or more persons to distribute and possess with intent to distribute controlled substances; and

b.    Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute and possessed with the intent to distribute at least 50 grams of methamphetamine.  Defendant admits that defendant, in fact, conspired with others to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine, as described in Count One of the indictment.

6.    Defendant understands that for defendant to be guilty of the crime charged in Count Six, that is, Alien Found in the United States Following Deportation, in violation of Title 8, United States Code, Section 1326(a), the following must be true:

a.    Defendant was lawfully deported or removed from the United States;

b.    After defendant's deportation or removal, defendant voluntarily entered the United States;

c.    After defendant entered the United States, defendant knew that he was in the United States and knowingly remained;

d.    Defendant was found in the United States without having obtained consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department

of Homeland Security, or any authorized representative of either official;

e.    Defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States; and

f.    Defendant was free from official restraint at the time defendant was found in the United States.  Defendant was free from official restraint if defendant was first observed by a United States officer after defendant physically crossed the border of the United States.

<u>PENALTIES AND RESTITUTION</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a) is: two years' imprisonment; a one-year period

of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

10. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $10,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and mandatory special assessments totaling $200.

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to felonies and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.    Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.    Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date through April 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant and co-defendant, Kevin Gil-Carranza, had an agreement with each other and with other co-conspirators to distribute and to possess with intent to distribute, methamphetamine and heroin, both federally controlled substances. As part of the agreement, defendant and Gil-Carranza would communicate with a co-conspirator to identify and obtain controlled substances, including methamphetamine and heroin. Defendant and Gil-Carranza would then transport the controlled substances by car into the Central District of California and deliver them to a co-conspirator for further distribution.

Specifically, on April 1, 2020, defendant and Gil-Carranza obtained and transported approximately 10.045 kilograms of methamphetamine, a Schedule II controlled substance, and approximately 95 grams of heroin, a Schedule I narcotic drug, into Riverside County. That day, defendant provided Gil-Carranza with a Chrysler 300 sedan bearing Minnesota license plate number 3355WGG, for the purpose of transporting the methamphetamine and heroin for distribution. Using the Chrysler 300 sedan, defendant and Gil-Carranza transported the methamphetamine and heroin into Riverside County with the intent to deliver it to a co-conspirator for further distribution.

In the evening on April 1, 2020, while traveling north on Interstate 15 in Temecula, California with the methamphetamine and

9

heroin, defendant and Gil-Carranza were stopped by Border Patrol agents and found to be in possession of the controlled substances. Gil-Carranza, who was driving the Chrysler 300 sedan, initially fled the Border Patrol agents after being flagged for additional screening at an immigration checkpoint, but both defendant and Gil-Carranza were stopped and arrested after a high-speed pursuit.  While transporting the methamphetamine and the heroin in Riverside County, defendant knew where the methamphetamine and heroin were located in the Chrysler 300 sedan, had the power and intention to control them, and had an agreement with Gil-Carranza and others to distribute them.

When defendant was arrested on April 1, 2020, he was a citizen of Mexico and an alien in the United States, that is, not a natural-born or naturalized citizen, or national, of the United States. Defendant had been lawfully deported or removed from the United States on or about September 27, 2017.  After defendant's deportation or removal from the United States, no later than June 13, 2019, he knowingly and voluntarily re-entered and thereafter remained in the United States.  Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States.  After defendant re-entered and remained in the United States, on April 1, 2020, immigration authorities, that is, the Border Patrol agents who arrested defendant, found him in Riverside County, within the Central District of California, after he had physically crossed the border of the United States.

1                          <u>SENTENCING FACTORS</u>

2        16.   Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).   Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate between the mandatory minimum and up to the maximum set

13  by statute for the crimes of conviction.

14       17.   Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16       (a)   21 U.S.C. § 846 (Count One)

17  Base Offense Level:              38        U.S.S.G. §§ 2D1.1(a)(5),

18                                                                 (c)(1)

19       (b) 8 U.S.C. § 1326(a) (Count Six)

20  Base Offense Level:               8        U.S.S.G. §§ 2L1.2(a)

21

22       (c) Combined Offense Level:   38        U.S.S.G. § 3D1.4(c)

23  Defendant and the USAO reserve the right to argue that additional

24  specific offense characteristics, adjustments, and departures under

25  the Sentencing Guidelines are appropriate.   Defendant understands

26  that defendant's offense level could be increased if defendant is a

27  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.   If defendant's

28

                                    11

offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.  Defendant and the USAO agree that:

a.    Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offenses charged in Counts One and Six of the indictment;

b.    The offenses charged in Counts One and Six did not result in death or serious bodily injury to any person; and

c.    Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in Counts One and Six and was not engaged in a continuing criminal enterprise.

19.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

22.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

25.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

///

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug or violent felony or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug or violent felony or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

COURT AND UNITED STATES PROBATION AND

PRETRIAL SERVICES OFFICE NOT PARTIES

30.   Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

31.   Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 17 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

Defendant understands that even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different from
those agreed to, and/or imposes any sentence up to the maximum
established by statute, defendant cannot, for that reason, withdraw
defendant's guilty pleas, and defendant will remain bound to fulfill
all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding

//

//

//

1  the sentence defendant will receive, except that it will be between

2  the statutory mandatory minimum and the statutory maximum.

3                        NO ADDITIONAL AGREEMENTS

4       33.  Defendant understands that, except as set forth herein,

5  there are no promises, understandings, or agreements between the USAO

6  and defendant or defendant's attorney, and that no additional

7  promise, understanding, or agreement may be entered into unless in a

8  writing signed by all parties or on the record in court.

9             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

10      34.  The parties agree that this agreement will be considered

11 part of the record of defendant's guilty plea hearing as if the

12 entire agreement had been read into the record of the proceeding.

13 AGREED AND ACCEPTED

14 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
15 CALIFORNIA

16 NICOLA T. HANNA
   United States Attorney

17

18 _____          09/28/20
   BYRON R. TUYAY                       Date
19 Assistant United States Attorney

20 X Pedro rojas                        X 09/25/2020
   PEDRO ROJAS-SANCHEZ                  Date

21

22 _____          9/25/2020
   JEROME J. HAIG                       Date
23 Attorney for Defendant
   PEDRO ROJAS-SANCHEZ
24

25

26

27

28
                              19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. ~~This agreement has been read to me in Spanish, the language I understand best.~~ I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X Pedro rjes
_____        X 09-25-2020
PEDRO ROJAS-SANCHEZ                      Date
Defendant

20

## CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant PEDRO ROJAS-SANCHEZ on this date.

_____        _____
INTERPRETER                              Date


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am PEDRO ROJAS-SANCHEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        9/25/2020
JEROME J. HAIG                          Date
Attorney for Defendant
PEDRO ROJAS-SANCHEZ